UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4252(DSD/FLN)

Dustin Carpenter,

       Plaintiff,

v.                                       **ORDER**

RJM Acquisitions, LLC,

       Defendant.

    Brian Chan, Esq., Sims & Chan, LLP, P.O. Box 91, Charlottesville, VA 22902 and Brianna R. Sadler, Esq., Madgett Law, LLC, 3637 Togo Road, Suite 417, Wayzata, MN 55391, counsel for plaintiff.

    James R. Bedell, Esq., Michael S. Poncin, Esq. and Moss & Barnett, PA, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for judgment on the pleadings or summary judgment by defendant RJM Acquisitions, LLC (RJM) and motion for summary judgment by plaintiff Dustin Carpenter. Based on a review of the file, record and proceedings herein, the court grants RJM's motion.

**BACKGROUND**

This debt-collection dispute arises from the purchase of Carpenter's Wells Fargo bank account by RJM. See Greenberg Aff. Ex. 1, Oct. 21, 2010. On January 20, 2009, RJM sent an initial collection letter to Carpenter. Id. The first page of the letter states that the amount of the debt is $114.08, that RJM purchased

Carpenter's checking account from Wells Fargo and the Wells Fargo account number.  Id.  The letter lists three settlement opportunities with the directive: "Please respond by March 6, 2009."  Id.  The letter states in larger, bold-face type: "**Please see reverse side of this letter for important information regarding your right to dispute this debt ....**"  Id.  On the reverse side, the letter states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification....

Id.  The letter further informed Carpenter of his right to request the name and address of the original creditor, if different from the current creditor.  Id.

Carpenter did not respond to the January 20, 2009, letter. RJM sent five additional collection letters to Carpenter between January 21, 2009 and August 31, 2010.  Id. ¶ 5.  On September 1, 2010, RJM sent Carpenter a seventh collection letter.  All of the letters, including the September 1 letter, were sent to the same address.  Greenberg Second Aff. ¶¶ 6-8, Feb. 3, 2011.  None of the letters were returned to RJM as undeliverable.  Id.  All of the letters were sent by first-class mail.  Id.  Carpenter claims that

2

the September 1, 2010, letter was the first that he received. Carpenter Aff. ¶ 3.

On September 17, 2010, Carpenter filed this action, alleging that RJM's September 1, 2010, letter violated the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §§ 1692g, 1692e(10). RJM timely removed, and moved for judgment on the pleadings pursuant to Rule 12(c) or summary judgment pursuant to Rule 56. On January 27, 2011, Carpenter filed an untimely cross motion for summary judgment. See Minn. L. R. 7.1(b) (moving party must file and serve notice of motion and motion 42 days prior to hearing). The court heard oral argument on February 18, 2011. The court now considers the motions.

**DISCUSSION**

**I.   Standard of Review**

The court applies the same standard to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d. 659, 665 (8th Cir. 2009) (citation omitted). Thus, to survive a motion for judgment on the pleadings, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded]

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions" are not sufficient, and are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949 (quotations and citation omitted).

The court does not consider matters outside the pleadings under Rule 12(c). See Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). The court finds that evidence contained in RJM's affidavits and exhibits are necessarily embraced by the complaint. Therefore, the court considers this information without converting the motion to one for summary judgment.[1]

---

[1] Both parties moved for summary judgment in this matter, although Carpenter's motion was untimely. Although the court decides this matter under the Rule 12(c) standard, the court notes that Carpenter had notice and ample opportunity to respond to RJM's motion for summary judgment. The disposition of this matter would not differ if the court addressed the instant motion as one for summary judgment.

**II.   FDCPA**

   **1.   Section 1692g**

Carpenter first claims that RJM violated § 1692g by failing to inform him of his rights under the FDCPA in the September 1, 2010, letter.  Section 1692g(a) requires a debt collector that is communicating with a consumer in connection with the collection of any debt to "send the consumer a written notice containing" certain enumerated information.  This section "requires only that a [n]otice be 'sent' by a debt collector.  A debt collector need not establish actual receipt by the debtor." Gray v. Four Oak Court Ass'n, Inc., 580 F. Supp. 2d 883, 889 (D. Minn. 2008) (quoting Mahon v. Credit Bureau of Placer Cnty., 171 F.3d 1197, 1201 (9th Cir. 1999)).  Moreover, RJM mailed all seven letters, including the September 1 letter, to the same address and none were returned as undeliverable.  Therefore, Carpenter's argument that the September 1, 2010, letter is the initial communication fails.

Carpenter further argues that the January 20, 2009, letter does not contain the required information because the letter overshadows any notice of the consumer's rights to verification. The letter complies with the statutory requirements of § 1692g, and plainly states Carpenter's right to verify the debt.  Carpenter further argues that the statement directing Carpenter to "[p]lease respond [to the settlement options] by March 6, 2009" is confusing. The court disagrees.  The letter gave clear notice of the right to

5

dispute the debt within 30 days, and further told Carpenter that "[y]our acceptance of the offer(s) described on the reverse side of this letter prior to the expiration of the 30-day period for dispute ... will not extinguish your right to dispute all or part of the original debt." Greenberg Aff. Ex. 1.  Carpenter pleads no facts to support this argument, and, moreover, no reasonable juror could find that the letter would confuse an unsophisticated consumer.  Therefore, RJM did not violate § 1692g, and the court grants RJM's motion on this claim.

### 2.   Section 1692e(10)

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e, e(10).

Carpenter alleges that the September 1, 2010 letter "implied verification with the original creditor of the amount of the original debt, when in fact no such verification took place, and the debt in question was known to be fraudulent."  Compl. ¶ 20. Carpenter alleges no facts or basis for the allegation that the letter implied verification, that no verification had taken place, or that the debt was known to be fraudulent.  A plain reading of the September 1 letter does not support any of these allegations.

Carpenter's conclusory allegations and unsupported assertions do not survive a motion for judgment on the pleadings.

Moreover, Carpenter failed to follow the appropriate statutory procedure to dispute the debt. See 15 U.S.C. § 1692g(b) (outlining steps for consumer to dispute debt). If the consumer does not dispute the debt, it "will be assumed to be valid by the debt collector." Id. § 1692g(a)(3). A consumer cannot circumvent the statute's procedural device to dispute the validity of a debt by filing an action pursuant to § 1692e on the sole basis that the debt is invalid. See Richmond v. Higgins, 435 F.3d 825, 829 (8th Cir. 2006); Bleich v. Revenue Maximization Grp., Inc. 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002). Carpenter failed to plead any facts to demonstrate that RJM used false representations or deceptive means to collect or attempt to collect any debt. Therefore, the court grants RJM's motion on this claim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1.  Defendants' motion for judgment on the pleadings [ECF No. 7] is granted and plaintiff's complaint is dismissed with prejudice.

2.   Plaintiff's cross motion for summary judgment [ECF No. 17] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 31, 2011

                                     s/David S. Doty            
                                     David S. Doty, Judge
                                     United States District Court